THE STATE, JOHN G. McCULLOUGH, RECEIVER OF THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, ET AL., PROSECUTORS, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF FRANKLIN.

Where a statute cannot be sustained in its entirety, by reason of the unconstitutionality of some provision thereof, such parts of the act as can reasonably be executed will be put in force, provided the objectionable feature is separable as a distinct thing from the body of the act, and it does not appear to have been the legislative design to make it a necessary part of the enactment.

------

On *certiorari.*

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutors, *Cortlandt Parker & Son.*

For the defendant, *Alfred F. Skinner.*

The opinion of the court was delivered by

GUMMERE, J.   This *certiorari* brings up for review an ordinance of the township committee of Franklin township, in the county of Essex, which requires the New York, Lake Erie and Western Railroad Company to erect gates where its railroad crosses Highland lane, Grant avenue and Washington avenue, in said township, and the closing of such gates by a flagman at all times when trains are due at, or passing, said crossings.

This ordinance was passed in pursuance of the power conferred upon the governing bodies of townships in counties of the first class by the act of April 1st, 1895 (*Gen. Stat., p.* 2718), to pass ordinances requiring railroad companies to protect grade crossings by gates and flagmen.   The preamble to this act recites that this power is given to the township authorities of such townships, because they have become thickly settled and railroad grade crossings therein have consequently become dangerous and a menace to public safety.

By a proviso contained in the first section of the act any railroad company which is required by ordinance, passed by virtue of this act, to protect grade crossings by gates and flagmen, may remove such ordinance by appeal to the Circuit Court of the county for review, and this proviso of the act has been held by this court to be unconstitutional.   *State, McCullough, Receiver, pros.,* v. *Circuit Court of Essex County, ante, p.* 103.   The first ground upon which the ordinance under review is attacked, is that the proviso of the act of 1895 just mentioned having been declared unconstitutional, the whole act must fall, and that, consequently, the ordinance has no legal support.   But it does not follow that because a portion of a statute has been found to be void, the whole act must therefore become inoperative.   The judicial effort is always to uphold every statute, and, if it cannot be sustained in its entirety, to execute such parts of it as can be reasonably put in force, provided the objectionable feature is separable as a distinct thing from the body of the statute, and it does not appear to have been the legislative design to make it a neces-

sary part of the enactment. *Rader* v. *Township of Union*, 10 *Vroom* 510, 514; *State* v. *Kelsey*, 15 *Id.* 1, 29; *Chamberlain* v. *Cranbury*, 28 *Id.* 605. And this is the case with the act of 1895. Not only is the objectionable feature readily separable from the body of the act, but it is quite clear that it was not the legislative intent to make the portion eliminated an essential part thereof, for, in addition to the right of review, by appeal to the Circuit Court, the right to review by *certiorari* is also expressly given by the act. The first ground of objection to the ordinance is without merit.

Another objection to the ordinance is that it is unreasonable because it appears from the evidence in the case that the grade crossings which the prosecutors are required to protect are not in fact dangerous. I am unable to concur in this view of the evidence. On the contrary, I deem the proof clear that both Highland lane and Grant avenue crossings, by reason of the conformation of the ground at those points, are more than usually dangerous; and the numerous accidents which have occurred within the past few years, at Washington avenue crossing, demonstrate beyond question its dangerous character.

Notwithstanding this, however, the ordinance seems to me to be unreasonable; for it not only requires the prosecutors to protect these crossings during those hours when they are used more or less frequently by the public, but also during that portion of the night when the great majority of people have retired to their homes, and travelers upon the highways, as well as trains upon the railroad, are few and far between. An ordinance which required these crossings to be protected between the hours of seven o'clock in the morning and nine o'clock at night, would, under the evidence in the case, have been a reasonable exercise of the power conferred upon the township committee by the act of 1895; but an ordinance such as that under consideration, which requires these crossings to be protected at all hours of the day and night, is not.

For this reason the ordinance should be set aside, with costs to the prosecutors.